UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| LEMARK JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:06-cv-504 |
| | ) | |
| v. | ) | |
| | ) | Honorable Robert Holmes Bell |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendant. | ) | |
| _____ | ) | |

This is a social security action brought under 42 U.S.C. § 405(g) seeking review of

a final decision of the Commissioner of Social Security.  Plaintiff filed his application for disability

insurance benefits (DIB) on August 7, 2003 (A.R. 51-53),  claiming a February 21, 2002 onset of

disability.   Plaintiff's claim was denied on initial review.  (A.R. 25-29).  On September 16, 2005,

plaintiff received his hearing before an administrative law judge (ALJ).  (A.R. 270-306).  On January

11, 2006, the ALJ issued a decision finding that plaintiff was not disabled.  (A.R. 15-22).   On June

20, 2006, the Appeals Council denied review (A.R. 3-5), and the ALJ's decision became the

Commissioner's final decision.  On July 20, 2006, plaintiff filed a complaint seeking review of the

Commissioner's decision denying his application for DIB benefits.

Plaintiff argues that the ALJ's decision is not supported by substantial evidence

because the ALJ "did not place the proper evidentiary weight upon Plaintiff's work record or upon

his history of medical treatment." (Plf. Brief at 10, docket # 9).  Upon review, I find that the ALJ's

decision is supported by more than substantial evidence, and that the ALJ gave appropriate

consideration to plaintiff's work record and history of medical treatment.  I recommend that the Commissioner's decision be affirmed.

## Standard of Review

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law.  *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001); *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997).  Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Heston*, 245 F.3d at 534 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).  The scope of the court's review is limited.  *Buxton*, 246 F.3d at 772.  The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations.  *See Walters v. Commissioner*, 127 F.3d at 528;  *Hogg v. Sullivan*, 987 F.2d 328, 331 (6th Cir. 1993).  "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . .  This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference."   *Buxton*, 246 F.3d at 772-73.   "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently."  *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) ("[E]ven if the district court -- had it been in the position of the ALJ -- would have decided the matter differently than the ALJ did, and even if

-2-

substantial evidence also would have supported a finding other than the one the ALJ made, the district court erred in reversing the ALJ."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004).

## Discussion

The ALJ found that plaintiff met the disability insured status requirements of the Social Security Act on February 21, 2002, his alleged onset of disability, and continued to meet the requirements through the date of the ALJ's decision. Plaintiff had not engaged in substantial gainful activity since his alleged onset of disability. The ALJ found that plaintiff had impairments of osteoarthritis of the right hip, back pain and strain, hepatitis C positive and urethritis, which in combination, constituted severe impairments. (A.R. 18). Plaintiff did not have an impairment or combination of impairments which met or equaled the requirements of the Listing of Impairments. The ALJ determined that plaintiff's subjective complaints were not fully credible:

> After careful consideration of the entire record, the Administrative Law Judge concludes that the claimant's testimony is less than entirely credible. The record of medial treatment shows that the claimant has declined several recommended treatments including physical therapy and an orthopedic examination. Treating physicians have also noted suspected non-compliance with medical treatment[1] and almost a fixation with the use of Vicodin. Objective findings reasonably show some decrease of strength in the right lower extremity while

_____

[1]20 C.F.R. § 404.1530 emphasizes that the claimant must follow prescribed treatment. Subsection (a) states, "In order to get benefits, you must follow treatment prescribed by your physician if this treatment can restore your ability to work." Subsection (b) states, "If you do not follow the prescribed treatment without a good reason, we will not find you disabled or, if you are already receiving benefits, we will stop paying you benefits." 20 C.F.R. § 404.1530(a), (b).

strength of all other extremities is full.  He had generally good movement with some pain and difficulty at the end of the range of motion.  The claimant has not followed through with recommended physical therapy nor has he participated in any aggressive rehabilitation modalities.  After the remote 1989 back surgery, the claimant returned to performing substantial gainful activity for several years and no additional surgery has been advised.

(A.R. 19).  The ALJ found that plaintiff retained the following residual functional capacity (RFC) "to lift and carry up to 20 pounds occasionally and up to 10 pounds frequently.  He [could] perform occasional climbing and postural changes (reaching, handling, stooping, crawling and crouching) occasionally."  (A.R. 21).  Plaintiff was unable to perform his past relevant work.  Plaintiff was 45 years old as of the date of the ALJ's decision.  Thus, plaintiff was classified as a younger individual.  Plaintiff has a limited education. The ALJ found that plaintiff did not have transferable work skills.  In response to a hypothetical question regarding a person of plaintiff's age and with his RFC, education, and work experience, the vocational expert (VE) testified that there were approximately 28,000 jobs within the State of Michigan that the hypothetical person would be capable of performing.  (A.R. 303).  The ALJ held that this constituted a significant number of jobs.  Using Rule 202.18 of the Medical-Vocational Guidelines as a framework, the ALJ found that plaintiff was not disabled.   (A.R. 15-22).

## 1.

Plaintiff argues that the ALJ's decision is not supported by substantial evidence because the ALJ's credibility determination failed to give adequate weight to plaintiff's  work record:

> The issue in this case is simply whether there is substantial evidence to support the ALJ's decision.  While there can be no question that Plaintiff was not the most compliant patient and that he appeared to have an issue with prescription drug use, his earnings record (58) certainly does demonstrate that he had worked for an uninterrupted and significant time

> before his automobile accident. That strong work record entitled Plaintiff to a presumption of credibility, which the ALJ certainly did not afford him. In Nanny v Matthews, 423 F2d 548, 551 (E.D. Va 1976), that federal district court held that "[a] person with a . . . strong work history should be afforded substantial credibility as a witness to [her] own work capabilities" (citation omitted). Plaintiff's work history shows that he had worked steadily for years, and that is one factor, when considered with other arguments presented below, that this case should be reversed.

(Plf. Brief at 10). The Sixth Circuit has never held that a social security benefits claimant is entitled to a "presumption of credibility." The 1970's vintage Eastern District of Virginia case, inaccurately cited in plaintiff's brief and never cited by the Sixth Circuit, does not remotely support plaintiff's "presumption of credibility" argument. In *Nanny v. Matthews*, 423 F. Supp. 548 (E.D. Va. 1976), the district court unremarkably observed that Mary Nanny's history of uninterrupted work spanning more than a quarter century was a factor that weighed in support of the credibility Nanny's testimony: "[a] person with such a strong work record should be afforded substantial credibility as a witness to her own work capabilities." *Id.* at 551. In contrast, plaintiff had a sporadic work history. (A.R. 56-66). Plaintiff had no earnings for the years 1977, 1982, 1983, 1989 and 1990, and had less than $1000 in earnings in 1976, 1987 and 1988. It is the ALJ's function to determine credibility issues, *see Siterlet v. Secretary of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987), and the claimant's work history is only one of the many factors that the ALJ can consider in making his credibility determination. *See* 20 C.F.R. § 404.1529. The ALJ adequately considered plaintiff's work history. (A.R. 16, 19-20). I find no legal or factual basis for any "presumption of credibility."

This court does not make its own credibility determinations. *See Walters v. Commissioner*, 127 F.3d at 528; *see also Lawson v. Commissioner*, 192 F. App'x 521, 528 (6th Cir. 2006). The court cannot substitute its own credibility determination for the ALJ's. The court's

"review of a decision of the Commissioner of Social Security, made through an administrative law judge, is extremely circumscribed . . . ." *Kuhn v. Commissioner*, 124 F. App'x 943, 945 (6th Cir. 2005). The Commissioner's determination regarding the credibility of a claimant's subjective complaints is reviewed under the deferential "substantial evidence" standard. "Claimants challenging the ALJ's credibility determination face an uphill battle." *Daniels v. Commissioner*, 152 F. App'x 485, 488 (6th Cir. 2005). "Upon review, [the court must] accord to the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which [the court] d[oes] not, of observing a witness's demeanor while testifying." *Jones*, 336 F.3d at 476; *see West v. Commissioner*, No. 06-5763, 2007 WL 1991059, at * 4 (6th Cir. July 15, 2007). "Since the ALJ has the opportunity to observe the demeanor of the witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1234 (6th Cir. 1993).

Plaintiff was involved in a motor vehicle accident on February 21, 2002. (A.R. 152-75). The ALJ noted that plaintiff's cervical spine x-rays showed no abnormalities. The CT scan of plaintiff's pelvis returned normal results. (A.R. 17, 158-62). The ALJ's discussion of plaintiff's medical treatment (A.R. 17-18) accurately summarizes plaintiff's treatment history. The objective evidence did not support plaintiff's claims of debilitating symptoms. Plaintiff displayed normal strength, and no atrophy or neurological deficits. (A.R. 177, 181, 186-87, 189, 197-98, 200, 203, 207, 212, 263). The absence of any significant neurological deficits and atrophy supports the Commissioner's conclusion that the claimant's allegation of severe and disabling pain was not credible. *See Crouch v. Secretary of Health & Human Servs.*, 909 F.2d 852, 857 (6th Cir. 1990); *see also Lucido v. Commissioner*, 109 F. App'x 715, 716 (6th Cir. 2004). No physician recommended

surgical intervention.  Plaintiff's failure to comply with the recommended conservative treatment of physical therapy is well documented.  (*see e.g.*, A.R. 198, 200, 205-07, 210, 217).  The record contains numerous statements by plaintiff's physicians expressing their concerns that plaintiff was abusing the medication that they had prescribed.  (A.R. 177, 184-85, 190-91, 205, 209-10, 218).  I find that the ALJ's credibility determination is supported by more than substantial evidence.

## 2.

Without the benefit of supporting authority, plaintiff argues that the ALJ's finding that plaintiff retained the RFC for a limited range of light work was "not a credible finding." (Plf. Brief at 11).  "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category if it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." 20 C.F.R. § 404.1567 (b); *Longworth v. Commissioner*, 402 F.3d 591, 596 (6th Cir. 2005).  RFC is the most, not the least, a claimant can do despite his impairments.  20 C.F.R. § 404.1545(a); *see Griffeth v. Commissioner*, 217 F. App'x 425, 429 (6th Cir. 2007).  RFC is a determination made by the ALJ based upon all the evidence within the record.  *Walters*, 127 F.3d at 530; *Bingaman v. Commissioner*, 186 F. App'x 642, 647 (6th Cir. 2006).  This record provides more than substantial evidence supporting the administrative determination that plaintiff retained the RFC for a limited range of light work.

**3.**

Plaintiff quotes an excerpt from SSR 96-7p, asserts that the ALJ "took no notice" of this ruling, and then asserts in conclusory fashion that SSR 96-7 "obviously indicated that plaintiff should have been considered credible." (Plf. Brief at 11). The ALJ expressly considered SSR 96-7p (A.R. 19), and plaintiff's argument to the contrary is frivolous. The ALJ's credibility determination is supported by more than substantial evidence for the reasons previously stated.

**<u>Recommended Disposition</u>**

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed.

Dated:   August 3, 2007            /s/  Joseph G. Scoville_____
                                  United States Magistrate Judge

**<u>NOTICE TO PARTIES</u>**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fᴇᴅ. R. Cɪv. P. 72(b). All objections and responses to objections are governed by W.D. Mɪᴄʜ. LCɪᴠR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *McClanahan v. Commissioner*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).